IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03494-GPG

JAMES MITCHEM,

      Plaintiff,

v.

LARIMER COUNTY SHERIFF'S OFFICE,

      Defendant.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

      Plaintiff, James Mitchem, is an inmate at the Larimer County Detention Facility in Fort Collins, Colorado. Mr. Mitchem has filed *pro se* a Prisoner Complaint (ECF No. 5). The court must construe the Prisoner Complaint liberally because Mr. Mitchem is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Mitchem will be ordered to file an amended prisoner complaint if he wishes to pursue any claims in this action.

      The Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th

Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Mitchem alleges that he is asserting claims pursuant to 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  The only named Defendant is the Larimer County Sheriff's Office and Mr. Mitchem does not identify any individuals in the body of the Complaint.

The Prisoner Complaint fails to provide a short and plain statement of Mr. Mitchem's claims showing that he is entitled to relief because he fails to identify the specific federal claims he is asserting and he fails to provide factual allegations in support of his claims that specify how his federal rights have been violated.  Merely making vague and conclusory allegations that his rights have been violated does not

2

entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Mitchem will be ordered to file an amended complaint that provides fair notice of the federal constitutional claims he is asserting if he wishes to pursue those claims in this action. Mr. Mitchem must identify, clearly and concisely, the specific federal claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").

Mr. Mitchem also must assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63

(10th Cir. 1976).  To establish personal participation, Mr. Mitchem must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Moreover, Mr. Mitchem may not sue the Larimer County Sheriff's Office.  The Larimer County Sheriff's Office is not a separate entity from Larimer County, and, therefore, is not a person under 42 U.S.C. § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Any claims asserted against the Larimer County Sheriff's Office must be considered as asserted against Larimer County.

In addition, municipalities and municipal entities, such as Larimer County, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiff cannot state a claim for relief against Larimer County under § 1983 merely by pointing to isolated incidents.  *See Monell* , 436 U.S. at 694.

Finally, Mr. Mitchem may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Mitchem uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

4

Accordingly, it is

ORDERED that Mr. Mitchem file, **within thirty (30) days from the date of this order**, an amended complaint that as directed in this order.  It is

FURTHER ORDERED that Mr. Mitchem shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Mitchem fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED January 28, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge