IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03494-GPG

JAMES MITCHEM,

    Plaintiff,

v.

LARIMER COUNTY SHERIFF'S OFFICE,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, James Mitchem, currently is detained at the Larimer County Detention Facility in Fort Collins, Colorado. Mr. Mitchem initiated this action by filing *pro se* a letter (ECF No. 1) stating that he intends to file a civil complaint against Larimer County Sheriff's Office. On December 31, 2014, Magistrate Judge Gordon P. Gallagher ordered Mr. Mitchem to file a Prisoner Complaint and properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved forms.

On January 27, 2015, Mr. Mitchem filed a Prisoner Complaint (ECF No. 5) and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4). On January 28, 2015, Magistrate Judge Gallagher granted Mr Mitchem leave to proceed pursuant to 28 U.S.C. § 1915. Magistrate Judge Gallagher also entered an order directing Mr. Mitchem to file an amended prisoner complaint if he wished to pursue any claims in this action. Magistrate Judge Gallagher advised Mr.

Mitchem that the allegations in the Prisoner Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Gallagher further advised Mr. Mitchem that he failed to identify the specific federal claims he is asserting and failed to provide factual allegations in support of his claims that specify how his constitutional rights have been violated. Magistrate Judge Gallagher also informed Mr. Mitchem that he must assert the personal participation of each named defendant in the alleged constitutional violation; that he may not sue Larimer County Sheriff's Office because it is not a separate entity from Larimer County; and that to establish municipal liability, a plaintiff must show that a policy or custom existed and that there is a direct causal link between the policy or custom and the injury alleged. Mr. Mitchem was warned that the instant action would be dismissed if he failed to file an amended pleading as directed within the time allowed.

Mr. Mitchem has failed to file an amended prisoner complaint that complies with the January 28 Order, and he has failed to communicate with the Court in any way since filing the Prisoner Complaint on January 27, 2015. Therefore, the action will be dismissed without prejudice for failure to prosecute and comply with court orders.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 5), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to prosecute and comply with a court order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  5th  day of    March       , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court